UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ETOYI MONRAY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-320 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| SHIRLEE A. HARRY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner currently is incarcerated in the Muskegon Correctional Facility. Petitioner was charged in Saginaw County with first-degree murder following an altercation involving several people that resulted in the stabbing death of the victim. According to Petitioner, the autopsy report indicated that the victim died of a stab wound to the chest, although the victim also sustained two stab wounds in the back. Petitioner admitted to stabbing the victim once in the back, but maintained that he did not inflict the fatal stab wound to the victim's chest. Following his arrest, Petitioner was housed in the Saginaw County Jail with Rodney Mays. At Petitioner's preliminary examination, Mays testified that Petitioner confessed to him that he committed the murder. Petitioner denies that he confessed to Mays and contends that Mays lied about the confession to get leniency from the prosecutor in his criminal case. At the conclusion of the preliminary examination, Petitioner was bound-over on the charge of first-degree murder. Petitioner pleaded guilty in the Saginaw County Circuit Court to second-degree murder. He was sentenced on August 22, 1995, to imprisonment of twenty to fifty years. He did not pursue a direct appeal on his conviction.

On April 2, 2003, Petitioner filed a motion for relief from judgment in the Saginaw County Circuit Court. The court denied his motion on April 29, 2003, and his motion for reconsideration on May 12, 2003. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on January 21, 2004 and October 25, 2004, respectively.

In his application for habeas relief, Petitioner raises the same four claims that he presented in his motion for relief from judgment:

I.  WAS [PETITIONER'S] PLEA LEGALLY INVOLUNTARY AND NOT KNOWINGLY, UNDERSTANDINGLY AND INTELLIGENTLY

>   RENDERED WHEN THE COURT ADVISED APPELLANT BY ENTERING A PLEA OF GUILTY THAT THERE WAS A TWENTY YEAR CAP ON THE SENTENCE, WHERE APPELLANT THOUGHT HE COULD RECEIVE NO MORE THAN TWENTY YEARS AS HIS MAXIMUM SENTENCE, NOT THAT THIS WAS HIS MAXIMUM MINIMUM.
>
> II.    WHETHER [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
>   A.   WHETHER COUNSEL['S] FAILURE TO INVESTIGATE AND PREPARE A VIABLE DEFENSE BASED UPON READILY AVAILABLE EVIDENCE DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> III.   DID [PETITIONER] SATISFY THE STANDARD SET FORTH IN PEOPLE v. MACK FOR [A NEW TRIAL BASED UPON] NEWLY DISCOVERED EVIDENCE.
>
> IV.    DID APPELLANT SATISFY THE CAUSE AND PREJUDICE STANDARD.

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised.[2] Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner did not pursue a direct appeal. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C.

---

[2] Relying on state law, Petitioner argues that he is entitled to a new trial based upon newly discovered evidence that Mays lied at the preliminary examination. Section 2244(d)(1)(D) provides that the one-year limitations period begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. It was always Petitioner's contention that Mays lied at the preliminary examination; therefore, the "factual predicate" was known to Plaintiff before he pleaded guilty. Moreover, by pleading guilty, Petitioner waived review of non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, § 2244(d)(1)(D) clearly does not apply for purposes of calculating the statute of limitations.

§ 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).

Here, Petitioner had one year from entry of the judgment of conviction in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* M.C.R. 7.205(F)(3). Accordingly, the time for seeking direct review expired on August 22, 1996. Thereafter, Petitioner had one year, until August 22, 1997, to file his habeas application. Petitioner filed on or about May 2, 2005.[3] Because Petitioner's application was filed more than seven years after the one-year limitations period expired, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run.

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on May 2, 2005, and it was received by the Court on May 4, 2005. Thus, it must have been handed to prison officials for mailing at some time between May 2 and May 4. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in 1997, his motion for relief from judgment filed in 2003 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, ___ S. Ct. ___, 2005 WL 957194, at *6 (April 27, 2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211,

218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.


Dated:  May 24, 2005                             /s/ Hugh W. Brenneman, Jr.
                                                Hugh W. Brenneman, Jr.
                                                United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).