UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ETOYI MONRAY JOHNSON,

      Petitioner,

v.                                        Case No. 1:05-CV-320

SHIRLEE A. HARRY,                    HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to Magistrate Judge's Report and Recommendation dated May 24, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objection, Petitioner argues that the magistrate judge incorrectly invoked the procedural bar of the AEDPA's one-year statute of limitation because the state courts denied Petitioner's M.C.R. 6.500 motion on the merits and not on the basis of a procedural bar. In making this argument, Petitioner confuses the state procedural bar rule with principles governing the AEDPA's one-year statute of limitations. That is, whether the state court denied Petitioner's motion upon the basis of a procedural bar is independent of the issue of whether his habeas petition is timely

under the AEDPA. For instance, a petition may be timely filed under the AEDPA yet denied on the basis of a state procedural bar.

Moreover, to the extent that Petitioner relies upon 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year period begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, his argument is without merit. Although Petitioner claims that he has newly discovered evidence concerning the truthfulness of witness Rodney Mays' testimony, as the magistrate judge noted, the factual predicate was always known to Mays because Petitioner contended that Mays lied at the preliminary examination and this fact was known to Petitioner before he pled guilty. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 24, 2005 (docket no. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations.

This case is **concluded**.

Dated: July 22, 2005                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE