UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ETOYI MONRAY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-320 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| SHIRLEE A. HARRY, | ) | |
| | ) | |
| Respondent. | ) | |

**NOTICE OF DEFICIENCY ON APPEAL and**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On July 22, 2005, the Court entered an order summarily dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner has since filed a notice of appeal (docket #9) and two motions for certificate of appealability (dockets #8, 10). The Court denied Petitioner's first motion for certificate of appealability (docket #8) on September 6, 2005. Petitioner's second motion for certificate of appealability (docket #10) will be denied for the same reasons set forth in the Court's previous order denying certificate of appealability.

Petitioner also is responsible for payment of the appellate filing fee. Sixth Circuit Internal Operating Procedure 5.1 provides that a $250.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. Petitioner has failed to pay the fees or to apply in the manner required by law to proceed *in forma pauperis*.

The Sixth Circuit has determined that "a prisoner who is unable to pay the required filing fees may seek leave to file an appeal in a Section 2254 or Section 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Under the provisions of that rule, if Petitioner wishes to proceed *in forma pauperis* on appeal, Petitioner must file in the district court: (1) a motion for leave to proceed *in forma pauperis*, and (2) an affidavit which shows petitioner's inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issues he intends to present on appeal. Furthermore, Petitioner must file a certificate of the warden or other appropriate officer as to the amount of money or securities on deposit in any account in the institution where Petitioner is incarcerated. W.D. MICH. LCIVR 3.4(a). Petitioner has failed to file the requisite documents to proceed *in forma pauperis* on appeal.

Although the Sixth Circuit has not established a procedure for correcting deficiencies regarding *in forma pauperis* status on appeal in actions under § 2254, it has developed such a procedure for prisoner civil rights actions brought *in forma pauperis*. "If an inmate, not paying the full filing fee, fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). The Court will employ the same procedure in habeas actions under § 2254. Accordingly, Petitioner is hereby notified of the foregoing deficiencies.

Petitioner is informed that within thirty days from the date of this notice he must submit the $255.00 filing fee or, alternatively, file the requisite documents to proceed *in forma pauperis*. The affidavit must be in substantial compliance with Form 4 of the Federal Rules of

Appellate Procedure.  Petitioner is also notified that if he fails to pay the filing fee or to file the required documents as described above, the Court of Appeals may dismiss Petitioner's appeal for want of prosecution.  Therefore:

IT IS ORDERED that Petitioner must submit the $255.00 filing fee or, alternatively, file the requisite documents to proceed *in forma pauperis* within thirty days from the date of this order.  Failure to pay the filing fee or to file the required documents as described above, may result in the dismissal of Petitioner's appeal for want of prosecution.

IT IS FURTHER ORDERED that Petitioner's second motion for certificate of appealability (docket #10) is DENIED.


Dated:  September 23, 2005                          s/Gordon J. Quist                    
                                                    Gordon J. Quist
                                                    United States District Judge